FILED

2022 Jan-03  PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **7:18-cr-00400-LSC-JHE-2** |
| **KELVIN QUNTAVIUS THOMAS,** | ) | |
| | ) | |
| **Defendant** | ) | |

## MEMORANDUM OPINION AND ORDER

On October 28, 2021, United States Magistrate Judge John H. England, III, held a hearing on several issues related to the competency of Defendant Kelvin Quntavius Thomas ("Thomas") to stand trial and to waive his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). As explained further below, the court will order a new competency determination as to both issues.

### I. Background

On August 29, 2018, a grand jury in this district indicted Thomas on a number of charges stemming from an alleged December 24, 2017 robbery.[1]  (Doc. 1).

On December 12, 2021, Thomas moved to suppress evidence against him on his contention that he did not knowingly, intelligently, or voluntarily waive his constitutional right to remain silent under *Miranda* during an interview beginning on April 2, 2018 and continuing into the morning of April 3, 2018.  (Doc. 26).  The magistrate judge then assigned to this case, United States Magistrate Judge John E. Ott, held an evidentiary hearing on the motion. At the evidentiary hearing, Thomas offered evidence that he had sustained a head injury that affected his mental

---

[1] The grand jury later returned a superseding indictment, the operative indictment in this case.  (Doc. 51).

status. (*See* doc. 29 at 5). Judge Ott subsequently entered a report recommending that the motion to suppress be denied.[2] (Doc. 29). Over Thomas's objection (doc. 34), the court denied the motion to suppress. (Doc. 37).

On February 21, 2019, pursuant to 18 U.S.C. § 4241(b), the government moved for Thomas to undergo a psychiatric examination to determine his competency to stand trial. (Doc. 36). Judge Ott granted that motion, appointing Dr. H. Randall Griffith to conduct the evaluation. (Doc. 38).

On March 6, 2019, Thomas filed *pro se* motions for a mental examination and for the appointment of new counsel. (Docs. 39 & 40). After a hearing, Judge Ott appointed attorney Derek Drennan to represent Thomas. (Doc. 42). Thomas then moved for a defense-led and directed competency evaluation. (Doc. 44). Judge Ott denied the *pro se* motion for a mental examination as moot and declined to recharacterize the evaluation as defense-led.[3] (Doc. 46).

On August 12, 2019, the court received two reports from Dr. Griffith. (Docs. 53 & 54). In the first, Dr. Griffith opined that Thomas was competent to stand trial.[4] (Doc. 53 at 1-9). However, Dr. Griffith included an addendum opining that Thomas had not been competent to make a voluntary, knowing, and intelligent waiver of his *Miranda* rights during the April 2018 interview. (*Id.* at 10-13).

On October 25, 2019, Thomas filed a supplemental motion to suppress. (Doc. 66). Based on Dr. Griffith's report, Thomas requested that the court set aside its previous factual findings

---

[2] The report also addressed a motion for handwriting exemplars and a motion to suppress challenging a search. Neither of those motions are relevant here.

[3] Judge Ott granted the motion in part, but only as to Thomas's request that the report of any evaluation be placed under seal.

[4] The second report, (doc. 54), has not been shared with the United States. (Doc. 143 at 2). It has no bearing on the issues addressed in this memorandum opinion.

regarding his competency to waive his *Miranda* rights.  (*Id.*).  Judge Ott held a second suppression hearing on November 14, 2019.  (Doc. 68).  After supplemental briefing, Judge Ott recommended that the motion to suppress be granted.  (Doc. 78).  The government objected to the report and recommendation.  (Doc. 81).

On August 4, 2020, the court declined to adopt the report and recommendation and denied Thomas's motion to suppress.  (Doc. 94).  Specifically, the court found that Dr. Griffith's testimony showed he had not based the assessment in his report on a full review of the 13-hour interview but had only watched two or three hours of it.  (*Id.*).  The court found that the full interview, along with other factors, supported Thomas's competency to knowingly, intelligently, and voluntarily waive his *Miranda* rights.  (*Id.*).

During the pendency of the report and recommendation, Judge Ott retired, and this case was referred to Judge England.  Thomas moved *ex parte* for another psychological evaluation.[5] Thomas then filed a *pro se* motion for new counsel.  (Doc. 120).  Judge England ultimately granted that motion, appointing Thomas's current counsel.  (Doc. 122).  Judge England then approved Thomas's request for a psychological evaluation.

Dr. Caroline T. Parrott evaluated Thomas, but she could not come to a definitive conclusion about Thomas's mental competency to waive his *Miranda* rights.[6]  After Thomas disclosed to the United States that Dr. Parrott's report was inconclusive and that the outcome of a full evaluation

---

[5] Although Thomas's request for a psychological examination was made *ex parte*, he has subsequently referenced it in a number of unsealed documents.  (*See, e.g.,* doc. 132 (requesting an extension of time for the psychological evaluation); doc. 136 (same)).

[6] Again, Dr. Parrot's letter disclosing her limited conclusions was filed *ex parte*.  However, defense counsel informed the United States of the inconclusive nature of Dr. Parrot's evaluation, (doc. 143 at 4), and further discussed the matter in open court before Judge England.

might lead to a motion to reconsider the court's ruling on the *Miranda*-based motion to suppress, the United States objected to relitigating the issue of Thomas's competency to waive his *Miranda* rights. (Doc. 143).

Judge England held a hearing on the competency issues on October 28, 2021. At the hearing, Judge England informed the parties that there appeared to be no competency determination in the record and requested the parties brief the following issues:

1. Whether there has been a competency determination, as the record does not indicate Defendant was ever found competent to stand trial after the evaluation of Dr. Randall Griffith, (doc. 53);

2. Whether an evaluation of the Defendant's competency to stand trial can or should be separated from an evaluation of the Defendant's competency to waive his *Miranda* rights; and

3. Whether Chief District Judge L. Scott Coogler is required to make a determination of whether additional funds should be expended on a competency evaluation, as the government contends.

(Doc. 144). The parties submitted responses, (docs. 149 & 150), and the court now addresses those issues.

## II. Analysis

"Competence to proceed to trial or to enter a guilty plea, *United States v. Rodriguez,* 751 F.3d 1244, 1252 (11th Cir.2014), requires the defendant to possess the 'capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense . . . .'" *United States v. Wingo*, 789 F.3d 1226, 1234–35 (11th Cir. 2015) (quoting *Drope v. Missouri,* 420 U.S. 162, 171 (1975)). "Every defendant has a substantive fundamental right under the Due Process Clause not to be tried or convicted while incompetent." *Id.* (citing *Cooper v. Oklahoma,* 517 U.S. 348, 354 (1996)).

Under 18 U.S.C. § 4241(a),

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant.  The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a).  "The plain language of Section 4241(a)—the court 'shall order . . . a hearing on its own motion'—is unambiguous about the court's obligation to *sua sponte* hold a hearing if it has 'reasonable cause' to believe that the defendant 'may' be incompetent; the court must conduct a hearing under those circumstances."  *Wingo*, 789 F.3d at 1236.

Section 4241 also sets out the procedure after the court grants a motion under § 4241(a).  First, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)."  18 U.S.C. § 4241(c).  Second, the court must hold a hearing pursuant to 18 U.S.C. § 4247(d).  18 U.S.C. § 4241(c).  Finally, after the hearing, the court must make a competency determination and, if necessary, commit the defendant to the custody of the Attorney General to attempt to restore him to competency.  18 U.S.C. § 4241(d).

Here, it is clear that the process contemplated by § 4241 began when Judge Ott ordered a psychiatric evaluation pursuant to § 4241(b).  However, no competency hearing under § 4241(c) ever took place, and no competency determination appears in the record.  Numerous crucial events in this case postdate both the order for Thomas to undergo a psychiatric evaluation and the court's receipt of Dr. Griffith's report, including the hearing on the motion to suppress due to Thomas's allegedly nonvoluntary *Miranda* waiver.  In other words, this case has been proceeding as though Thomas is competent "to understand the nature and object of the proceedings against him, to

5

consult with counsel, and to assist in preparing his defense," *Drope v. Missouri,* 420 U.S. at 171, without any determination to that effect in the record.

Both parties appear to agree that this case cannot proceed further without a competency determination.  The only complete evaluation in the record comes from Dr. Griffith.  As discussed above, the court has already found one of Dr. Griffith's evaluations wanting.  Furthermore, the United States has "no objection to a full evaluation of . . . Thomas's competency to stand trial." (Doc. 149).  Therefore, the court will commit Thomas to the custody of the Bureau of Prisons for a general competency evaluation.

The only remaining point of contention between the parties is the United States' objection to the issue of a further evaluation of Thomas's competency to waive his *Miranda* rights.  The United States bases this objection on the fact that the court has already ruled on this issue in denying Thomas's motion to suppress.  (*See* doc. 143).  As discussed above, the previous evaluation of the *Miranda* issue occurred amid an incomplete determination of Thomas's competency to stand trial.  It is not entirely clear how much of what followed is tainted by the lack of a competency to stand trial determination.  In any case, a portion of the court's ruling was premised on the inadequacy of the evaluation by Dr. Griffith—who, notably, the defendant did not select to perform the competency evaluation.  Therefore, out of an abundance of caution, the court will permit Thomas to re-explore this issue with his own expert.  Consistent with the United States' request, (doc. 149 n.1), the court will also direct the Bureau of Prisons to perform neurocognitive testing for deficits or deficiencies and issue an opinion on Thomas's competency to waive his *Miranda* rights.  Neither party should take any aspect of this ruling as an indication of how the court will rule if asked to reconsider its previous conclusion that Thomas was competent to waive his *Miranda* rights.

6

### III. Conclusion

The court **ORDERS** that Thomas undergo a psychological evaluation to determine his competency to stand trial, consistent with the directions above. The court **REFERS** the competency determination to Judge England.  Thomas is **DIRECTED** to file a motion to the extent that he requests additional funds for a *Miranda* competency determination.

      **DONE** and **ORDERED** on January 3, 2022.

L. Scott Coogler
United States District Judge

160704

7